UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YOLANDA LEAL, | |
| Plaintiff(s), | Case No. 2:14-cv-00846-RCJ-NJK |
| vs. | ORDER DENYING MOTION TO COMPEL |
| TARGET CORP., | |
| Defendant(s). | (Docket No. 18) |

Pending before the Court is Defendant's Motion to Compel. Docket No. 18. For the reasons discussed below, the motion is hereby **DENIED** without prejudice.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the non-responsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation "promote[s] a

frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

The pending motion is accompanied by a brief certification indicating only that Plaintiff's counsel "advised [Defendant's counsel] that Plaintiff objects to appearing for a Rule 35 Examination by Dr. Duke. [Defendant's counsel and Plaintiff's counsel] were unable to reach an agreement regarding Plaintiff appearing for the Rule 35 Examination with Dr. Duke." *See* Rowan Decl. ¶ 9.  In essence, the certification provides only that an objection was lodged that remains unresolved.   This certification is insufficient to satisfy the requirements outlined above.  For example, the Court is unable to ascertain whether counsel engaged in a "personal" consultation, rather than merely exchanging letters or emails. *See Garity v. Donahoe*, 2014 U.S. Dist. Lexis 124165, *12 (D. Nev. Sept. 5, 2014) (denying proposed order for Rule 35 examination for failure to properly meet-and-confer, and noting that "the requirement to meet and confer is not satisfied by exchanging emails").  Nor is it clear from the certification that counsel even discussed their respective positions on the specific objection(s) at issue.

Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: January 20, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge