**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

YOLANDA LEAL,

    Plaintiff(s),

vs.

TARGET CORP.,

    Defendant(s).

Case No. 2:14-cv-00846-APG-NJK

ORDER

(Docket No. 40)

    Pending before the Court is Defendant's motion for protective order regarding a subpoena issued to a non-party. Docket No. 40. Plaintiff filed a response and Defendant filed a reply. Docket Nos. 41, 44. For the reasons discussed more fully below, the Court hereby ORDERS the parties to file supplemental briefing regarding two issues related to Defendant's standing to raise the arguments at issue in its motion.

    There is a general rule that only the party to which a subpoena is directed has standing to challenge that subpoena. *E.g.*, *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *2 (D. Nev. Nov. 22, 2013). The undersigned has noted that there is a split of authority whether an exception exists to this rule when the movant has a personal right or privilege in the information sought. *See id.*; *see also Wells Fargo Bank, N.A. v. ANC Vista I, LLC*, 2015 WL 557069, *2 n.6 (D. Nev. Feb. 11, 2015); *Wells Fargo Bank, N.A. v. Iny*, 2014 U.S. Dist. Lexis 62381, *3-4 (D. Nev. May 6, 2014). Some judges in this District have interpreted the plain language of Rule 45 as dictating that "only the party subject to the subpoena may bring a motion to quash." *In re: Rhodes Cos.*, 475 B.R. 733, 740-41 (D. Nev. 2012) (expressly declining to adopt a "personal right or privilege" standing rule) (Pro, J.); *see also Salem Vegas, L.P. v. Guanci*, 2013 WL 5493126, *2-3 (D. Nev. Sept. 30, 2013) (Hoffman, J.). On the other hand, several judges have recognized an exception to the general standing rule when the movant has a

personal right or privilege in the subpoenaed material. *See, e.g.*, *In re MGM Mirage Securities Litig.*, 2014 WL 6675732, *9 (D. Nev. Nov. 25, 2014) (Ferenbach, J.); *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349, *4 (D. Nev. Sept. 29, 2011) (Leen, J.), *amended on other grounds*, 2011 WL 5854714 (D. Nev. Nov. 21, 2011); *Copper Sands Home Owners Ass'n, Inc. v. Copper Sands Realty, LLC*, 2011 WL 112146, *2 (D. Nev. Jan. 13, 2011) (Leavitt, J.); *1st Tech., LLC v. Rational Enterps. Ltda.*, 2007 WL 5596692, *3 (D. Nev. Nov. 13, 2007) (Foley, J.); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 695 (D. Nev. 1994) (Johnston, J.).

In addition, even assuming there is an exception to the standing rule when the movant has a personal right or privilege in the subpoenaed materials, courts are split on whether the exception allows the movant to advance only objections directly corresponding to that personal right or privilege. On the one hand, for example, Judge Johnston held that a party lacks standing to challenge a subpoena on the ground that it is vague because that argument is not directed at protecting the movant's privilege. *See Diamond State*, 157 F.R.D. at 695. On the other hand, Judge Leavitt has granted a motion to quash a subpoena brought by a party on the grounds that the subpoena lacked specificity and was overly broad. *Copper Sands*, 2011 WL 112146, at *2.

Although the parties' briefing provides some discussion regarding standing, the Court finds that the briefing does not sufficiently address these two issues. Accordingly, the Court hereby orders supplemental briefing on: (1) whether the undersigned should find an exception to the general standing rule when the movant has a personal right or privilege in the subpoenaed information and, if so, (2) whether the movant has standing only to object on the grounds of its own privileges to the information and lacks standing to raise objections such as irrelevance, overbreadth, undue burden, or privileges held by other parties. Defendant shall file a supplemental briefing no later than July 2, 2015; Plaintiff may file a responsive supplemental briefing no later than July 10, 2015; and Defendant may file a reply no later than July 15, 2015.

IT IS SO ORDERED.

DATED: June 24, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge